Filed 9/7/23  P. v. Renteria CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078751 |
| v. | (Super.Ct.No. RIF1801803) |
| MARIO SALVADOR RENTERIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mac R. Fisher Judge.

Affirmed as modified.

David P. Lampkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Mario Salvador Renteria is serving 129 years to life after the trial court convicted him in a bench trial of murder (Pen. Code, § 187)[1], arson (§ 451, subd. (d)), and of being a felon in possession of a firearm (§ 29900) and found true the allegation that he personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)).  The court also found true that defendant had two prior strike convictions (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)), two prior serious felony convictions (§ 667, subd. (a)), and two prison priors (§ 667.5, subd. (b)).[2]  In this appeal, defendant challenges the judgment's omission of 1,447 days of presentence custody credits under section 2900.5 and the imposition of a fine and fees.  As explained *post*, we order the judgment modified to credit defendant for his time spent in presentence confinement.  We affirm in all other respects.

## FACTUAL AND PROCEDURAL HISTORY

A.    FACTUAL HISTORY[3]

On April 9, 2018, defendant shot the victim, rolled his body up in a sleeping bag, placed his body in a car, parked the car in a field, and lit the car on fire.  He later confessed to the murder.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The court subsequently struck the sentences on the two serious felony priors and did not mention or impose any sentence for the two prison priors.

[3] We briefly summarize the facts as the only issues on appeal pertain to custody credits and defendant's ability to pay fines and fees.

B.     PROCEDURAL HISTORY

In March 2022, the trial court sentenced defendant to 129 years in prison and imposed the following fines and fees:  (1) victim restitution in an amount to be determined, pursuant to Penal Code section 1202.4, subdivision (f); (2) a $300 restitution fine, pursuant to Penal Code section 1202.4, subdivision (b); and (3) $210 in assessment fees pursuant to Penal Code section 1465.8 and Government Code section 70373.[4]

As to victim restitution, the People indicated it was seeking an "actual order of restitution payable to the Victim's Compensation Board," to reimburse funeral costs incurred by the victim's family.  In response, defendant, through counsel, "reserve[d] his right to a restitution hearing," asserting that there was a "dispute" as to that amount, and he was indigent.  The trial court noted that defendant's counsel "want[ed] a hearing on that point," and reserved determination of the restitution amount for a future hearing.

The trial court then informed defendant it was imposing the $300 statutory minimum restitution fine under section 1202.4, subdivision (b), and explained its calculation of the remaining fees.  Defendant's counsel made no express request for a hearing concerning defendant's ability to pay the fine and fees, and did not otherwise object when asked by the trial court whether there was "anything else" to discuss.

---

[4]  The trial court also imposed a $300 restitution fine pursuant to section 1202.45, which it later suspended, and which defendant does not challenge on appeal.

3

## DISCUSSION

### A.    PRESENTENCE CUSTODY CREDITS

Defendant first contends that the trial court erred by sentencing him to 129 years imprisonment without crediting him for his time in presentence confinement. Specifically, he asserts that he was entitled to a credit of 1,447 days—i.e., the length of time between his initial arrest on April 9, 2018[5], and his sentencing on March 25, 2022. In response, the People agree that defendant should receive the 1,447-day credit towards his sentence. We conclude that defendant is entitled to presentence custody credit of 1,447 days. Specifically, we agree with the parties that, under section 2900.5, convicted persons shall receive credit for their time spent in presentence confinement. "In all felony and misdemeanor convictions . . . when the defendant has been in custody . . . all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment . . . . [¶] It is the duty of the court imposing the sentence to determine . . . the total number of days to be credited pursuant to this section. The total number of days to be credited shall be contained in the abstract of judgment." (§ 2900.5, subds. (a), (d).) "Section 2900.5 awards defendant credit for all days spent in custody. This provision applies to all defendants." (*People v. Johnson* (2010) 183 Cal.App.4th 253, 289.) In this case, the record establishes that defendant was arrested and placed in presentence confinement on April 9, 2018, and that he was sentenced 1,447 days later, on March 25, 2022. We discern no other bar to defendant receiving credit for those 1,447 days, and we

---

[5] Trial testimony established that defendant was arrested on April 9, 2018.

therefore will order the judgment be modified to correct the error. (*Ibid* [awarding presentence custody credit under § 2900.5].)

B. PRE-IMPOSITION HEARING UNDER THE DUE PROCESS CLAUSE

Defendant next contends that the trial court violated his due process rights by imposing the minimum restitution fine of $300 (Pen. Code, § 1202.4, subd. (b)), as well as the fees under Penal Code section 1465.8 and Government Code section 70373, without first granting him a hearing on his ability to pay. Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 defendant asserts that he was entitled to an "ability to pay" hearing under the Due Process Clause of the Fourteenth Amendment. Specifically, he argues that it was "patently clear" his request for a hearing on victim restitution under Penal Code section 1202.4, subdivision (f), amounted to a challenge to the Penal Code section 1202.4, subdivision (b), fine and the other fees.

Initially, even assuming defendant's arguments were cognizable under the Due Process Clause, we discern no reversible error as to the section 1202.4, subdivision (b) fine and the other fees, because defendant was afforded adequate pre-imposition procedural protection.

It is well established that the "fundamental requirement of due process is [an] opportunity to be heard 'at a meaningful time and in a meaningful manner.' " (*Matthews v. Eldridge* (1976) 424 U.S. 319, 333.) Failure to avail oneself of an opportunity to be heard does not amount to a constitutional infirmity, and due process only requires a pre-imposition "ability to pay" hearing upon a defendant's express and specific request. (*D.H. Overmeyer Co. v. Frick Co.* (1972) 405 U.S. 174, 185; *People v. Laue* (1982) 130

5

Cal.App.3d 1055, 1061 [explaining no violation of due process where party failed to avail themselves of, inter alia, opportunity to seek continuance in criminal matter].)

Here, the record demonstrates that the trial court gave defendant the opportunity to request a hearing on the imposed fines and fees, but that defendant failed to do so with respect to those imposed under Penal Code sections 1202.4, subdivision (b), 1465.8, and Government Code Section 70373. Specifically, defendant requested a hearing as to only victim restitution under Penal Code section 1202.4, subdivision (f); the trial court subsequently granted leave for such hearing; and after being asked by the court whether he wished to discuss "anything else," defendant declined to do so.

To the extent defendant relies on cases discussing preservation of error to support his argument that the Fourteenth Amendment required the trial court broadly construe his section 1202.4, subdivision (f), hearing request as one seeking to challenge all the imposed fines and fees, such cases are inapposite here. Specifically, regardless of any preservation-of-error issue, the touchstone of our due process inquiry is whether the trial court afforded defendant a meaningful opportunity to be heard concerning his ability to pay the fine and fees at issue here. (*Matthews v. Eldridge*, *supra*, 424 U.S. at p. 333.) Under the facts discussed *ante*, defendant was provided a constitutionally adequate opportunity to be heard. We therefore conclude that the trial court's imposition of the Penal Code section 1202.4, subdivision (b), fine, as well as the Penal Code section 1465.8 and Government Code section 70373 fees did not violate the Due Process Clause of the Fourteenth Amendment.

C.    EXCESSIVE FINES

Next, defendant asserts that the Penal Code section 1202.4, subdivision (b), fine, and the Penal Code section 1465.8 and Government Code section 70373 fees were unconstitutionally excessive under both the Eighth Amendment of the U.S. Constitution and Article I, section 17 of the California Constitution, because the trial court failed to consider his indigency. The People assert that the imposition of the fine and fees without an "ability to pay" hearing was not constitutionally infirm.

In determining whether a fine is excessive under the Eighth Amendment, a court examines: (1) the defendant's culpability, (2) the relationship between the harm and penalty, (3) penalties imposed in similar statutes, and (4) the defendant's ability to pay. (*United States v. Bajakajian* (1998) 524 U.S. 321, 337-338.) The touchstone of this analysis is whether the fine imposed "is grossly disproportional to the gravity of a defendant's offense." (*Id.* at p. 334.) These same factors apply to determine whether a fine is excessive under Article I, section 17 of the California Constitution. (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728-729.)

We conclude the trial court's imposition of the challenged fine and fees was not unconstitutionally excessive, because any inability to pay did not outweigh the remaining factors we must examine. (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, *supra*, 37 Cal.4th at pp. 728-729; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1072 [concluding $600 fine not disproportionate to conviction of attempted murder].) Specifically, it was undisputed that defendant was liable in the underlying criminal matter. Additionally, the low amounts imposed here—i.e., the $300 statutory minimum

7

under Penal Code section 1202.4 and several hundred dollars in costs—were not disproportionate in relation to the egregiousness of defendant's unquestioned criminal conduct—i.e., the killing and fiery disposal of another human being.  (§ 1202.4, subd. (b) [amount imposed not to be less than $300]; *Aviles*, at p. 1072.)  Therefore, the trial court's imposition of the Penal Code section 1202.4, subdivision (b), fine, as well as the Penal Code section 1465.8 and Government Code section 70373 fees did not violate the Eighth Amendment of the U.S. Constitution, nor Article I, section 17 of the California Constitution.

## DISPOSITION

The judgment is modified to credit defendant for 1,447 days of presentence confinement.  The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

McKINSTER _____
Acting P. J.

CODRINGTON _____
J.

8